**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ERNEST GONZALEZ,                    :
                                    :   Civil Action No. 06-438 (FSH)
            Plaintiff,              :
                                    :
      v.                            :        **O P I N I O N**
                                    :
DANIAL BRANIVE, et al.,             :
                                    :
            Defendants.             :
_____:

APPEARANCES:

   ERNEST GONZALEZ, Plaintiff, pro se
   #400-82-81
   10 Ellis Drive, 3rd Floor
   Greystone Park, New Jersey  07950

HOCHBERG, District Judge

   Plaintiff, Ernest Gonzalez ("Gonzalez"), a civilly committed person at Greystone Park Psychiatric Hospital in Greystone Park, New Jersey, brings an informal application for appointment of counsel pursuant to Fed.R.Civ.P. 5(a) and (d).  Having considered Gonzalez's application for appointment of pro bono counsel, and without need for oral argument, pursuant to Fed.R.Civ.P. 78, the Court will deny, without prejudice, plaintiff's request for appointment of counsel at this time for the reasons set forth below.

**BACKGROUND**

On or about January 30, 2006, Gonzalez filed a civil rights complaint with an application to proceed as an indigent. His complaint contained an informal request for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(2), this Court reviewed the complaint to determine whether cognizable claims had been presented or if it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, and determined that the matter could proceed at this time.

Plaintiff does not assert a specific need for counsel other than to help him with filing court papers and pursuing discovery.

**DISCUSSION**

Indigent persons raising civil rights claims have no absolute constitutional right to counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
>   (1) the plaintiff's ability to present his or her own case;
>   (2) the complexity of the legal issues;
>   (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time.  In particular, the Court finds that Gonzalez is able to articulate the facts supporting his claim of forced medication against his will, and that he is capable of presenting the straightforward legal issues involved.  Nor does Gonzalez contend that extensive investigation or discovery is necessary to enable him to present his claim at the time of trial, if the matter proceeds to that point.  He also does not argue that his claim is extraordinary or too complex for him to prosecute.  Thus, it would appear that the only basis for Gonzalez's request for pro bono counsel is his indigency and the fact that he is presently committed at a psychiatric hospital.  Consequently, on balance with the other determining factors as outlined above, the Court does not find sufficient grounds to

grant plaintiff's application for appointment of counsel at this time.  Therefore, Gonzalez's application for appointment of counsel will be denied without prejudice.  However, should this matter proceed to the point where extensive or difficult factual investigation and discovery will be needed to present his claims, or that expert testimony will be required, the Court will entertain a renewed application for appointment of counsel.

## CONCLUSION

For the above reasons, the Court denies without prejudice Gonzalez's application for appointment of counsel pursuant to Fed.R.Civ.P. 78.  An appropriate Order accompanies this Opinion.


                                                    /s/ Faith S. Hochberg  
                                            United States District Judge

DATED:   March 15, 2006